IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HOLCIM (US), INC., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 11-00389-CB-N |
| EAST COAST CONCRETE, INC., a Georgia Corporation, and MARK L. ALDRIDGE, and individual, | ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Defendants' motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. (Doc. 10.) The motion has been fully briefed,[1] and after due consideration of the issues raised the Court finds that the motion to dismiss is due to be granted.

**Factual & Procedural Background**

Plaintiff Holcim (US), Inc., a Delaware corporation with its principal place of business in Massachusetts, manufactures cement products. Defendant East Coast Concrete, Inc. (ECC), a Georgia corporation with its principal place of business in Georgia, is a long-time Holcim customer. ECC purchased cement on credit from Holcim. Defendant Mark Aldridge, a Georgia resident, executed a personal guarantee of ECC's indebtedness to Holcim. Holcim filed this lawsuit to collect on thirty-nine unpaid invoices. These invoices are for cement delivered to ECC at three Holcim plants, which are located in Theodore, Alabama, Birmingham, Alabama,

---

[1] Plaintiff has filed a response to the motion (Doc. 17), Defendants have filed a reply (Doc. 20), and Plaintiff has filed a sur-reply.

and Duluth, Georgia.  Of the three, only the Theodore plant is located in this district.  Eighteen of the thirty-nine invoices are for products delivered at the Theodore plant.

Holcim (previously known as Holnam) has been supplying cement to ECC since 1995.  ECC submitted its initial credit application on July 28, 1995, and executed an updated credit application on August 22, 2005.  According to the terms of payment set forth in the updated credit application, "all invoices [are] due at the gross amount and payable not later than the last day of the month following shipment." (Am. Compl., Doc. 6, ¶ 9.)  That credit application also states that "[t]he laws of the State of Michigan shall govern all sales with a reasonable relation to that State.  All other sales shall be governed by the laws of the state in which Seller's plant is located from which delivery or shipment is made." (*Id.* ¶ 10.)  The invoices were mailed to ECC in Kingsland, Georgia and provided that payment be remitted to Holcim in Charlotte, North Carolina.[2]  When ECC failed to make timely payment on the thirty-three invoices, Holcim demanded payment from Aldridge, the guarantor.  After that demand was unsuccessful, Holcim filed the instant lawsuit.  The amended complaint[3] asserts claims against ECC for breach of contract and various equitable causes of action and against Aldridge for breach of the guarantee agreement.

**Issues Presented**

Holcim asserts that venue is proper in this district for two reasons.  First, it argues the updated credit agreement contains a forum-selection clause that permits venue in this district.  In response, Defendants point out that the clause actually refers to choice of law, not choice of

---

[2] The invoices are attached as exhibits to both the Complaint (Doc. 1) and the Amended Complaint (Doc. 6).

[3] Plaintiff filed an amended complaint at the direction of the Court to clarify jurisdictional allegations.  The amended complaint also contains additional factual allegations related to venue.

forum. Holcim alternatively relies on the venue statute, asserting that it has satisfied one of the requirements of the venue statute, i.e., that a substantial portion of the events giving rise to the claim occurred in this district. Defendants counter that the events that occurred here are not the events that give rise to Plaintiff's claims.

**Legal Analysis**

*Standard of Review*

When venue is challenged under Fed. R. Civ. P. 12(b)(3), the plaintiff bears the burden of proving that venue is proper. When, as here, the allegations of the complaint are not contradicted, the Court must determine whether the plaintiff has made a prima facie showing of venue.

*No Forum-Selection Agreement*

Holcim has confused forum selection and choice of law. A forum-selection clause determines "where suits arising from the contract must be brought and defended." *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594 (1991). A choice-of-law clause determines which state's law will apply to any disputes that arise from the agreement. *Cf. Rucker v. Oasis Legal Finance, L.L.C.*, 632 F.3d 1231, 1237 (11th Cir. 2011) (discussing forum-selection and choice-of-law clauses). The contractual language cited by Holcim leaves little doubt that it is *solely* a choice-of-law clause.[4] As such, it does not determine where suit must be brought and defended and cannot be relied on to establish venue in this district.

*The Venue Statute*

Venue is governed by 28 U.S.C. § 1391(a), which states:

---

[4] "The laws of the State of Michigan shall govern all sales with a reasonable relation to that State. All other sales shall be governed by the laws of the state in which Seller's plant is located from which delivery or shipment is made." (Am. Comp., Doc. 6, ¶ 10.)

>A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) *a judicial district in which a substantial part of the events or omissions giving rise to a claim occurred*, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is not district in which the action may otherwise be brought.

(emphasis added). Holcim relies on subsection (a)(2) to support venue. Because the venue statute protects defendants, the inquiry focuses on the relevant activities of the defendant. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003) "Only the events that *directly* give rise to the claim are relevant." *Id.* (emphasis added). Those events must "'have a close nexus to the wrong.'" *Id.* at 1372 (quoting *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)). Thus the Court must identify the Defendants' activities that gave rise to Plaintiff's claims and must determine whether those activities took place in the Southern District of Alabama.

Holcim contends that "a substantial part of the events and omissions giving rise to its claims occurred in this district because eighteen of the thirty-three invoices involve cement that was manufactured and delivered at the Theodore plant." In *Jenkins Brick,* the Eleventh Circuit discussed in some detail the venue statute's "substantial part" requirement and cited with approval an *Woodke v. Dahm*, *supra*, an Eighth Circuit decision. *Woodke* involved a trademark infringement action filed in Iowa. The plaintiff lived in Iowa, the infringing product was manufactured in Iowa, and the plaintiff had entered into a contract in the state of Iowa. Nevertheless, the court found that these activities did not have a significant connection to the events giving rise to the claim. In particular, manufacturing was not a basis for the plaintiff's claim because "it was not itself wrongful." *Woodke*, 70 F.3d at 985. Likewise in the instant case the manufacture and delivery of the cement did not directly give rise to Holcim's claims because those events were not, in themselves, wrongful. Plaintiff's claims arose later--when Holcim

4

failed to pay money due for each of the invoices.[5]  Pursuant to the credit agreement, payment was not due until the last day of the month of following delivery.  The invoices were mailed to ECC in Georgia and required that payment be sent to Holcim in North Carolina.  It was in one of those states (the Court need not decide which) where the events or omissions occurred.

**Conclusion**

For the reasons set forth above, the Court finds that venue is not proper in this district.  Accordingly, the motion to dismiss for improper venue is hereby **GRANTED**.

**DONE** and **ORDERED** this the 31st day of October, 2011.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**

---

[5]The claim against Aldridge did not arise until Aldridge failed the outstanding balance ECC owed to Holcim.